IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SOUTHEASTERN LEGAL FOUNDATION, INC. | ) ) ) |
| Plaintiff, | ) CIVIL ACTION ) |
| v. | ) FILE NO. 1:19-cv-03144-JPB ) |
| OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, | ) ) ) ) |
| Defendant. | ) |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff Southeastern Legal Foundation, Inc. ("SLF") and Office of the Director of National Intelligence ("ODNI"), pursuant to Local Rule 16.2 and Rule 26(f) of the Federal Rules of Civil Procedure, hereby submit this Joint Preliminary Report and Discovery Plan.

**1.     Description of the Case:**

*(a) Describe briefly the nature of this action.*

This is an action brought pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel the disclosure of records from the ODNI that are responsive to Plaintiff's May 14, 2019 FOIA request.

*(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.*

On May 14, 2019, Plaintiff submitted by certified mail return receipt requested, a FOIA request to Defendant seeking records relating to communications regarding the collection of memos known as the "Steele Dossier." Plaintiff sought a waiver of search, review and duplication fees pursuant to the FOIA. On May 28, 2019, Defendant signed the certified mail return receipt. Plaintiff received no further response from Defendant and Defendant has not produced any documents in response to Plaintiff's FOIA Request.

**Plaintiff's Description:**

In its FOIA request, Plaintiff is seeking public records regarding the collection of memos known as the "Steele Dossier." Upon receipt of the records, Plaintiff intends to analyze, interpret, and disseminate the information to the public to enhance the public's understanding of Defendant's operations and activities. Defendant has failed to produce any responsive records. Plaintiff sued to compel Defendant to comply with the FOIA. To date, Defendant has still not produced any responsive records.

**Defendant's Description:**

Defendant has worked diligently to identify and begin the processing and potential production of the requested documents. Given the potentially sensitive

nature of the communications requested by Plaintiff, Defendant has worked to ensure that a thorough search was conducted. Defendant is in the process of finalizing its search pursuant to Plaintiff's FOIA request.

*(c) The legal issues to be tried are as follows:*

(1) Whether Defendant performed an adequate search of its records in response to Plaintiff's FOIA request;

(2) Whether any exemption claimed by Defendant is proper;

(3) Whether Plaintiff is entitled to an award of costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

*(d) The cases listed below (include both style and action number) are:*

*(1) Pending Related Cases:*

None.

*(2) Previously Adjudicated Related Cases:*

None.

**2.     This case is <u>not</u> complex.**

**3.     Counsel:**

*The following individually-named attorneys are hereby designated as lead counsel for the parties:*

**Plaintiff:**

Kimberly S. Hermann

Georgia Bar No. 646473
General Counsel
Southeastern Legal Foundation
560 West Crossville Rd., Suite 104
Roswell, Georgia

**Defendant:**

Samuel Williams
North Carolina Bar No. 49622
Assistant United States Attorney
United States Attorney's Office
Northern District of Georgia
75 Ted Turner Drive SW
Atlanta, GA 30303

4. **Jurisdiction**

Is there any question regarding this Court's jurisdiction?

___ Yes      _X__ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

*(a) The following persons are necessary parties who have not been joined:*

Neither Plaintiff nor Defendant contends at this time that there are any necessary parties who have not been joined.

*(b) The following persons are improperly joined as parties:*

Neither Plaintiff nor Defendant contends at this time that any of the named parties are improperly joined.

*(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:*

Neither Plaintiff nor Defendant contends at this time that any of the named parties are inaccurately stated or have necessary portions of their names omitted.

*(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.*

**6.    Amendments to the Pleadings:**

*Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.*

*(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:*

Neither Plaintiff nor Defendant contends at this time that any amendments to the pleadings will be necessary.

*(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.*

**7. Filing Times for Motions:**

*All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below. All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).*

*(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.*

*(b) Summary Judgment Motions: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.*

*(c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.*

*(d) Motions Objecting to Expert Testimony: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.*

**8. Initial Disclosures:**

*The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).*

The parties submit that initial disclosures are not necessary in FOIA cases. *See, e.g.*, U.S. District Court for the District of Columbia Local Rule 16.3(b)(9) (exempting FOIA cases from the initial disclosure requirements); *see also Miscaviage v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993). As such, neither party seeks initial disclosures.

**9.     Request for Scheduling Conference:**

*Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.*

Neither Plaintiff nor Defendant requests a scheduling conference with the Court at this time.

**10. Discovery Period:**

*The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.*

*Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.*

*Please state below the subjects on which discovery may be needed:*

Plaintiff and Defendant agree that in FOIA cases, discovery is disfavored and generally inappropriate. *See Miscaviage v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993). As such, neither party seeks discovery at this time.

*If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:*

None at this time.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

*(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?*

None at this time.

**(b) Is any party seeking discovery of electronically stored information?**

___Yes  X  No

## 12. Other Orders:

*What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?*

Other than for the filing of motions for summary judgment, none at this time.

## 13. Settlement Potential:

*(a) Counsel for the parties certify by their signatures below that they conducted Rule 26(f) conferences that were held on November 21, 2019 and January 13, 2020 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.*

**For Plaintiff, Lead counsel (signature):**

*/s/ Kimberly S. Hermann*
Kimberly S. Hermann

**For Defendant, Lead counsel (signature):**

*/s/ Samuel Williams*
Samuel Williams

*(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:*

(X) A possibility of settlement before discovery.
(_) A possibility of settlement after discovery.
(_) A possibility of settlement, but a conference with the judge is needed.
(_) No possibility of settlement.

8

*(c) Counsel (X) do or (_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is to be determined.*

*(d) The following specific problems have created a hindrance to settlement of this case.*

At this time, neither Plaintiff nor Defendant anticipate any problems with settlement of this case.

**14. Trial by Magistrate Judge:**

*Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.*

*(a) The parties (_) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day_____, of 20___.*

*(b) The parties (X) do not consent to having this case tried before a magistrate judge of this Court.*

| | |
|---|---|
| /s/ Kimberly S. Hermann | /s/ Samuel Williams |
| Counsel for Plaintiff | Counsel for Defendant |
| General Counsel | Assistant U.S. Attorney |
| Southeastern Legal Foundation | United States Attorney's Office |
| 560 West Crossville Rd., Suite 104 | 75 Ted Turner Dr. |
| Roswell, Georgia 30075 | Atlanta, Georgia 30303 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

# SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified.

IT IS SO ORDERED, this _____ day of _____, 2020.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SOUTHEASTERN LEGAL FOUNDATION, INC. | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | FILE NO. 1:19-cv-03144-JPB |
| OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, | ) ) ) ) ) | |
| Defendant. | ) | |

## **CERTIFICATE OF SERVICE**

I certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

January 14, 2020.

                                                           */s/ Samuel H. Williams*
                                                           SAMUEL H. WILLIAMS
                                                           *Assistant United States Attorney*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SOUTHEASTERN LEGAL FOUNDATION, INC. | ) ) ) |
| Plaintiff, | ) CIVIL ACTION ) |
| v. | ) FILE NO. 1:19-cv-03144-JPB ) |
| OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, | ) ) ) ) |
| Defendant. | ) |

## CERTIFICATE OF COMPLIANCE

    I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing motion and brief have been prepared using Book Antiqua, 13 point font.

                                                         */s/ Samuel H. Williams*
                                                         SAMUEL H. WILLIAMS
                                                         *Assistant United States Attorney*